```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -:
HOWARD WALLACE,                     :  05 Civ. 0567 (SHS)(JCF)
                                    :
              Plaintiff,            :     MEMORANDUM
                                    :     AND  ORDER
      - against -                   :
                                    :
DALE ARTUS, Superintendent,         :
Clinton Correctional Facility; and  :
ELLIOT SPITZER, New York Attorney   :
General,                            :
                                    :
              Defendant.            :
- - - - - - - - - - - - - - - - - -:
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE
```

Howard Wallace petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction on three counts of robbery in the first degree following a jury trial in New York State Supreme Court, New York County. The Petition raises five claims, two of which are unexhausted. Mr. Wallace requests that this Court stay the instant proceeding so he may present his unexhausted claims to the New York State courts. Because I find the two unexhausted claims to be plainly without merit, the petitioner's request is denied.

Background

In the spring of 1993, Mr. Wallace committed several robberies while armed with a knife. One of the victims died of cardiac arrest shortly after Mr. Wallace robbed him. The prosecution charged Mr. Wallace with one count of murder in the second degree and seven counts of robbery in the first degree. See N.Y. Penal Law §§ 125.25(3), 160.15(3).

In July 1994, the Honorable Howard E. Bell presided over a suppression hearing. Mr. Wallace moved to suppress (1) evidence

seized from his apartment; (2) lineup identifications; and (3) statements he made to police officers and to the prosecution. The court denied the motion except with respect to statements Mr. Wallace had made to the Assistant District Attorney.

After a trial before Justice Bell and a jury in September 1994, Mr. Wallace was convicted of one count of murder in the second degree and five counts of robbery in the first degree. Over the petitioner's objection, the court then adjudicated Mr. Wallace a persistent violent felony offender pursuant to New York Criminal Procedure Law ("CPL") § 400.16, and sentenced him to 20 years to life imprisonment on the count of murder, a sentence that was to run consecutively to five consecutive terms of 12 years to life for the five counts of robbery. Mr. Wallace appealed. The Appellate Division reversed the lower court's judgment and remanded for a new trial, indicating that, although Justice Bell had properly denied Mr. Wallace's motion to suppress, it was "constrained to reverse" because the trial court had failed to obtain Mr. Wallace's written consent before replacing a juror who had been deliberating. People v. Wallace, 250 A.D.2d 398, 399, 672 N.Y.S.2d 691, 692 (1st Dep't 1998).

Mr. Wallace's second trial, before Justice John A. K. Bradley and a jury, began in September 2000. The prosecutor elicited testimony that Mr. Wallace had confessed to "fifteen or sixteen" robberies, which exceeded the number with which he had been charged. At the conclusion of the second trial, Mr. Wallace was acquitted of the murder charge and convicted of only three counts

2

of robbery.  Over Mr. Wallace's objection, Justice Bradley did not make a de novo determination that the petitioner was a persistent violent felony offender but instead adopted Justice Bell's finding on that issue.  Justice Bradley then sentenced Mr. Wallace to consecutive indeterminate terms of imprisonment of 20 years to life for each of the three counts of robbery.

The petitioner appealed, but the judgment was affirmed. People v. Wallace, 298 A.D.2d 130, 747 N.Y.S.2d 759 (1st Dep't 2002).  He then requested leave to appeal to the New York Court of Appeals, but his application was denied on December 11, 2002. People v. Wallace, 99 N.Y.2d 565, 754 N.Y.S.2d 218 (2002).  The conviction became final on March 11, 2002.[1]  On October 22, 2003, Mr. Wallace filed a pro se motion to vacate the judgment pursuant to CPL § 440.10.  After that motion was denied, he filed a request for leave to appeal, but that application was rejected on July 15, 2004.  Mr. Wallace filed his habeas corpus petition on November 2, 2004.[2]

Discussion

The Petition raises nine grounds for relief, which can fairly be distilled to five discrete claims.  Petitioner argues that (1)

---

[1]  This is the date on which the petitioner's opportunity to seek a writ of certiorari from the Supreme Court of the United States expired.

[2]  As the Honorable Michael B. Mukasey, Chief Judge, noted in a previous order in this case, a pro se petition is deemed filed on the day that a petitioner delivers it to prison officials for mailing, Noble v. Kelly, 246 F.3d 93, 97-98 (2d Cir. 2001), but the record in this case does not indicate when Mr. Wallace did so. Because the Petition is dated November 2, 2004, I, like Judge Mukasey, will treat that as the date the Petition was filed.

3

he was deprived of a fair trial and denied due process when the trial court permitted testimony indicating that he had confessed to 15 or 16 robberies; (2) the court deprived him of due process when it failed to make a de novo determination concerning his status as a persistent violent felony offender; (3) he was further denied due process because the fact that his second sentence was longer than the first suggests that it was vindictive; (4) he received ineffective assistance of trial counsel; and (5) the trial court erred by admitting evidence obtained in violation of his Fourth Amendment rights.[3]

   A.   Exhaustion of Remedies

A habeas corpus petitioner must exhaust all available state court remedies prior to seeking federal review of any issue. 28 U.S.C. § 2254(b), (c). To comply with this requirement, the petitioner must fairly apprise the state court system of the facts and legal theory upon which he bases each claim, and give the appropriate state court the opportunity to grant relief. See Picard v. Connor, 404 U.S. 270, 275-76 (1971); Daye v. Attorney General of the State of New York, 696 F.2d 186, 191-92 (2d Cir. 1982). For a claim to be fairly presented to the state courts, the petitioner need not cite "book and verse on the federal constitution," Picard, 404 U.S. at 278 (1971), but he must articulate the claim in federal constitutional terms sufficient to

---

[3] The nine grounds described in the Petition have been compressed into the five listed claims as follows: Ground A is the first claim; Ground B is the second claim; Ground C is the third claim; Grounds D, E, and F comprise the fourth claim; and Grounds G and H form the fifth claim.

4

alert the court to its federal nature.  Daye, 696 F.2d at 191.  Cf. Davis v. Strack, 270 F.3d 111, 122 (2d Cir. 2001) ("[I]f a petitioner cites to specific provisions of the U.S. Constitution in his state court brief, the petitioner has fairly presented his constitutional claim to the state court.").  To fully exhaust a claim raised on appeal in New York State, a petitioner must present each relevant claim in his application to appeal to the New York Court of Appeals.  Ramirez v. Attorney General of the State of New York, 280 F.3d 87, 94 (2d Cir. 2001).

As the respondent concedes, the petitioner's first, third, and fourth claims were fairly presented to the state courts prior to the filing of the habeas petition.  (Respondent's Memorandum of Law in Opposition to Petition for Writ of Habeas Corpus at 20).  The first and third claims were raised in constitutional terms at the trial level, on direct appeal, and in the petitioner's request for leave to appeal to the New York Court of Appeals.  Mr. Wallace raised his fourth claim, alleging ineffective assistance of trial counsel, in his pro se motion to vacate the judgment.

The petitioner's second and fifth claims, however, are unexhausted.  As for the second claim, the petitioner apprised the state courts of his concern that the trial court had erred in failing to conduct a de novo determination as to whether he fit the definition of a persistent violent felon, but he complained of a violation of the criminal procedure law of New York and never stated the claim in federal constitutional terms.  (Brief for Defendant-Appellant ("Def. App. Brief"), attached as Exh. A to

Declaration of Malancha Chanda dated Nov. 7, 2005 ("Chanda Decl."), at 24-28).

The fifth claim, which concerns the admission of evidence obtained in violation of Mr. Wallace's Fourth Amendment rights, was not properly brought to the attention of the New York Court of Appeals. It was not raised in the brief submitted by counsel on the direct appeal and was first raised in a <u>pro se</u> supplemental brief filed with the Appellate Division after the prosecution had responded to the petitioner's initial appellate papers. (Supplemental Brief for Defendant-Appellant, attached as Exh. C to Chanda Decl.). When the petitioner's appellate counsel sought leave to appeal to the New York Court of Appeals, he requested consideration of the issues raised in the petitioner's initial appellate brief but made no mention of the Fourth Amendment claim contained in the supplemental brief. (Letter of Michael J. Z. Mannheimer dated Oct. 29, 2002, attached as Exh. E to Chanda Decl., at 2).

    B.    <u>Stay and Abeyance of Mixed Petitions</u>

The habeas petition before me is therefore "mixed" in that it includes both exhausted and unexhausted claims. In 1982, the United States Supreme Court held that federal district courts may not rule on mixed petitions; they should instead dismiss such cases without prejudice, thereby giving the petitioners the opportunity to return to state court and giving the state courts the opportunity to rule on the federal claims. <u>Rose v. Lundy</u>, 455 U.S. 509, 518-19 (1982). At that time, there was no statute of

limitations on federal habeas petitions.  Since then, however, the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") has imposed a one-year limitation on such filings.  28 U.S.C. § 2244(d)(1).  Given this limitation, dismissal of a habeas petition, regardless of whether it is with or without prejudice, can now cost a petitioner the opportunity to have a federal court hear any of his claims.  To avoid this result, some courts have chosen to stay mixed habeas petitions and hold them in abeyance while the petitioner exhausts the claims not previously presented to the state courts.

The Supreme Court has provided guidance with respect to these stay and abeyance decisions.  In keeping with the purposes of AEDPA, "stay and abeyance should be available only in limited circumstances."  Rhines v. Weber, 544 U.S. 269, ___, 125 S. Ct. 1528, 1535 (2005).  Stays should be granted if and only "if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."  Id.

Courts have varied in their interpretations of the standard for "good cause."  See, e.g., Fernandez v. Artuz, No. 00 Civ. 7601, 2006 WL 121943, at *5 (S.D.N.Y. Jan. 18, 2006) (collecting cases); see also Pace v. DiGuglielmo, ___ U.S. ___, 125 S. Ct. 1807, 1813 (2005) ("filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted . . . [as a method of coping

with] reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court"). The petitioner cites ineffective assistance of post-conviction counsel as the reason for his failure to exhaust his claims. Most district courts have ruled that ineffective assistance of counsel suffices to show good cause, and I agree with these decisions. See, e.g., Rhines v. Weber, 408 F. Supp. 2d 844, 848 (D.S.D. 2005) (collecting cases); Ramchair v. Conway, No. 04 Cv 4241, 2005 WL 2786975, at *18 (E.D.N.Y. Oct. 26, 2005); Boyd v. Jones, No. Civ. 05-73792, 2005 WL 2656639, at * 4 (E.D. Mich. Oct. 14, 2005); Fradiue v. Pliler, No. Civ S-00-2209, 2005 WL 2204862, at *2 (E.D. Cal. Sept. 8, 2005); Martin v. Warren, No. 05-71849, 2005 WL 2173365, at *2 (E.D. Mich. Sept. 2, 2005) ("appellate attorney cannot be expected to raise his own ineffective assistance on appeal"); but see Johnson v. Sullivan, No. Cv 04-7923, 2006 WL 37037, at *3-4 (C.D. Cal. Jan. 4, 2006).[4] However, because the petitioner's underlying claims are without merit, I need not reach the issue of whether he has shown good cause for his failure to exhaust.

---

[4] In several cases in which the underlying claims were meritless, courts have mentioned in dicta that ineffective assistance of counsel may not suffice to show good cause. See Carter v. Friel, ___ F. Supp. 2d ___, No. 2:02 CV 326, 2006 WL 208872, at *4 (D. Utah, Jan. 26, 2006) (underlying claims procedurally barred); Vasquez v. Parrott, 397 F. Supp. 2d 452, 464 (S.D.N.Y. 2005) (underlying claims without merit); Hubbert v. Renico, No. 04-CV-71018, 2005 WL 2173612, at *5 (E.D. Mich. Sept. 7, 2005) (same); Bader v. Warden, No. 02-CV-508, 2005 WL 1528761, at *7 (D.N.H. June 29, 2005) (same).

8

C.  <u>Merits of Petitioner's Unexhausted Claims</u>

1.  <u>Persistent Violent Felon Determination</u>

Mr. Wallace asserts that the trial court violated the Fourteenth Amendment of the United States Constitution when it failed to make a <u>de novo</u> determination concerning his status as a persistent violent felony offender. I understand Mr. Wallace to be raising a due process claim. For the reasons explained below, this claim is without merit.

Under the New York law, a "persistent violent felony offender" is a "person who stands convicted of a violent felony offense [as defined in N.Y. Penal Law § 70.02] after having been previously subjected to two or more predicate violent felony convictions [as defined in N.Y. Penal Law § 70.04]." N.Y. Penal Law 70.08(1)(a). The sentencing of an individual as a persistent violent felony offender requires a ruling that the individual meets this definition, and then, if the court decides that the defendant does fit this category, the "court must impose an indeterminate sentence of imprisonment, the maximum term of which shall be life imprisonment." N.Y. Penal Law § 70.08(2). The initial finding that the individual is a persistent violent felony offender may be reached only after following a procedure outlined in New York Criminal Procedure Law §§ 400.15 and 400.16.

The procedure for adjudicating a person a persistent violent felony offender includes the following steps. First, the prosecutor must file a statement indicating the date and location of each alleged predicate violent felony conviction and, if the

individual has been incarcerated for any period of time between the commission of one of the previous felonies and the present felony, the statement must also indicate the dates of commencement and termination, as well as the location, of any such imprisonment. CPL § 400.15(2); N.Y. Penal Law § 70.04(1)(b)(iv). Next, the defendant is given a copy of the statement and an opportunity to contest any allegation contained in it. CPL § 400.15(3). If the defendant contests an allegation in the statement and the uncontested allegations are insufficient to support a finding that the defendant meets the definition of a predicate violent felony offender, the court must hold a hearing on the contested issues. CPL § 400.15(4), (5). If the defendant does not receive the statement at least two days before his opportunity to contest its contents, the court must grant, upon the defendant's request, an adjournment of at least two days before holding the hearing. CPL § 400.15(6).

The hearing shall be conducted before the court, without a jury, in accordance with CPL § 400.15(7). The burden is on the prosecution to show beyond a reasonable doubt that the defendant was convicted of two or more violent felonies. CPL § 400.15(7)(a). No conviction obtained in violation of the defendant's federal constitutional rights may be included in the determination, and the defendant may at any time in the proceeding contest an allegation of a conviction on the ground that it was obtained in violation of the United States Constitution. CPL § 400.15(7)(b). At the conclusion of the hearing, the court must issue a determination.

CPL § 400.15(7)(c). "Where a finding has been entered pursuant to [CPL § 400.15], such finding shall be binding upon that defendant in any future proceeding in which the issue may arise." CPL § 400.15(8).

As the respondent concedes, this procedure was not followed after Mr. Wallace's second trial. Instead, Justice Bradley adopted the finding Justice Bell had made in the previous proceeding:

> [THE COURT:] I guess the defendant, first, has to be arraigned as a persistent, right?
>
> [ASSISTANT DISTRICT ATTORNEY] DRUCKER: Yes, your Honor.
>
> After the first trial before sentencing, the defendant did contest his per - back in in 1994, after his first trial, the defendant contested his persistent felony status.
>
> There the judge sentenced him as a second [sic] persistent violent felon. There's no need for any further hearings on the matter.
>
> [DEFENSE COUNSEL] MR. STAPLETON: Mr. Drucker states the facts correctly. The defendant was adjudicated a persistent felon, just a violent felon after his first conviction.
>
> He has advised me after the first conviction he, again, wishes to contest that status. Although there appears to be an issue of res judicata, it was contested on appeal. And, as far as I know, he was not affected by an appeal, but he wishes me to exercise that again.
>
> THE COURT: Justice Bell rendered the decision. It's not affected on [sic] the reversal on appeal.
>
> I, too, find him a violent persistent felony offender relying on Judge Bell's decision.

(S. 2-3).[5]

---

[5] "S." refers to the transcript of the sentencing following the second trial.

In his brief to the Appellate Division, the petitioner asserted that Justice Bradley erred in relying on Justice Bell's decision because the latter had been reversed on appeal. The petitioner argued that the reversal of the prior judgment put Mr. Wallace "in the position of one not yet tried," implying that it would be nonsensical to suggest that the adjudication of Mr. Wallace as a persistent violent felon survived the eradication of the judgment. The petitioner is correct that the entire judgment, including both the conviction and the sentence, was affected by the reversal. However, this does not necessarily imply that he was entitled to a new recidivist hearing, nor that the failure to provide such a hearing constituted a violation of due process.

Even if Mr. Wallace could make a persuasive argument that defendants are entitled to de novo recidivist hearings as a matter of due process, his habeas petition could not be granted on this basis, because it is not well-settled law. The AEDPA provides that after a state appellate court has decided a claim on its merits, a federal habeas court may set aside that decision only if it "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28. U.S.C. § 2254(d)(1). A decision will be "contrary to federal law" only if it differs from one reached by the Supreme Court "on a set of materially indistinguishable facts" or is "opposite to" a decision of the Supreme Court. Williams v. Taylor, 529 U.S. 362, 413 (2000). An "unreasonable application" of

law requires that the state court applied the law in an "objectively unreasonable" way. Lockyer v. Andrade, 538 U.S. 63, 76 (2003); see Williams, 529 U.S. at 410 ("[A]n unreasonable application of federal law is different from an incorrect application of federal law." (emphasis in original)).

The Supreme Court has never ruled on the question of whether the right to a de novo trial includes a right to relitigate one's status as a persistent violent felon. In the cases in which the Court has addressed other aspects of enhanced sentencing procedures, it has taken a narrow view of defendants' constitutional rights. The Supreme Court upheld judicial determination of repeat-offender status, finding that the right to a jury is not implicated. Hildwin v. Florida, 490 U.S. 638, 640 (1989). It ruled that a state may place the burden of producing evidence on the defendant to show in a recidivist proceeding that prior convictions were unconstitutionally obtained. Parke v. Raley, 506 U.S. 20, 31 (1992). Finally, the Court held that a defendant in a federal sentencing proceeding has no constitutional right to challenge the legality of prior state convictions, unless they were obtained in violation of his Sixth Amendment right to counsel. Custis v. United States, 511 U.S. 485, 496-97 (1994).

Clearly established federal law thus does not support Mr. Wallace's argument that the trial court denied him due process when it failed to conduct a de novo determination of his status as a persistent violent felony offender. Consequently, a federal habeas court cannot grant the petition on the basis of this alleged

due process violation. Because the due process claim is without merit, staying the petition while Mr. Wallace exhausts it in the state courts would be futile.

### 2. Admission of Tainted Evidence

Mr. Wallace argues that his confessions, evidence seized from his apartment, and witnesses' lineup identifications of him should have been suppressed because they flowed from an improper arrest and an illegal search. He argues that his parole officer, along with police officers, engaged in a ruse to lure him out of his apartment and into the hallway of his building, where they arrested him and obtained access to his apartment only after the arrest. Mr. Wallace alleges that he stepped into the hallway only because he believed his probation officer was requiring him to do so, and he further alleges that he was compelled to admit the officers into his apartment.

Mr. Wallace's Fourth Amendment claim cannot be reviewed by this Court. "[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." Stone v. Powell, 428 U.S. 465, 482. In the Second Circuit, federal habeas corpus review will be conducted "in only one of two instances: (a) if the state has provided no corrective procedures at all to redress the alleged fourth amendment violations; or (b) if the state has provided a corrective

mechanism, but the defendant was precluded from using that mechanism because of an unconscionable breakdown in the underlying process." Capellan v. Riley, 975 F.2d 67, 70 (2d Cir. 1992).

Mr. Wallace claims that at the pretrial suppression hearing his attorney failed to conduct adequate cross examination of the police officers who arrested him, thereby failing to challenge their versions of the circumstances surrounding his arrest. (Petition for Writ of Habeas Corpus by a Person in State Custody at 9-10, 13-14, 18, 25, 28). However, ineffective assistance of counsel does not by itself constitute an unconscionable breakdown such that a habeas petitioner may obtain review of a Fourth Amendment claim. See Jackson v. Scully, 781 F.2d 291, 297 (2d Cir. 1986); Torres v. Irvin, 33 F. Supp. 2d 257, 275 n.3 (S.D.N.Y. 1998); Brown v. De Fillipis, 717 F. Supp. 172, 179 (S.D.N.Y. 1989). Mr. Wallace may continue to pursue in this Court his ineffective assistance claim, which is based in part on his attorney's conduct in the suppression hearing. See Kimmelman v. Morrison, 477 U.S. 365, 382 (1986); Mohamed v. Portuondo, No. 97-CV-3735, 2004 WL 884072, at *8 (E.D.N.Y. March 11, 2004); Taylor v. Kuhlmann, 36 F. Supp. 2d 534, 549 (S.D.N.Y. 1999). But, because his Fourth Amendment claim is foreclosed, it would be futile to stay this proceeding so that he could exhaust state remedies.[6]

---

[6] Mr. Wallace also suggests that Detective George Delgrosso committed perjury while testifying about the search of Mr. Wallace's apartment. However, alleged perjury does not constitute an unconscionable breakdown in the suppression hearing process. See Hernandez v. Filion, No. 05 Civ. 4046, 2005 WL 3164063, at *6 (S.D.N.Y. Nov. 29, 2005).

15

Conclusion

The petitioner's request for a stay is denied because the unexhausted claims are without merit. As mentioned above, the habeas corpus petition contains three additional claims that have been exhausted. Before I rule on the substance of those claims, the petitioner may submit a reply to the respondent's opposition to the petition. He shall do so within 30 days of this order.

SO ORDERED.

*James C. Francis IV*
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:  New York, New York
        March 23, 2006

Copies mailed this date:

Howard Wallace
95-A-0570
Green Haven Correctional Facility
P.O. Box 4000
Stormville, New York 12582-0010

Malancha Chanda, Esq.
Assistant Attorney General
120 Broadway
New York, New York  10271

16